J-S38004-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DWANE HANDY | : | |
| | : | |
| Appellant | : | No. 3177 EDA 2018 |

Appeal from the PCRA Order Entered September 28, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0013034-2011

BEFORE: OTT, J., DUBOW, J., and COLINS*, J.

MEMORANDUM BY OTT, J.: **FILED OCTOBER 25, 2019**

Dwane Handy appeals from the order entered September 28, 2018, in the Court of Common Pleas of Philadelphia County denying him relief without a hearing on his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9542 et seq. In this timely appeal, Handy claims the PCRA court erred in failing to find his trial/appellate counsel provided ineffective assistance by not raising challenges to both the weight and sufficiency of the trial evidence, and the PCRA court erred by not conducting a hearing on Handy's claim of after discovered evidence. Contemporaneously with this appeal, the Commonwealth has filed an Application for Remand concerning evidence of possible police misconduct regarding Detective Philip Nardo. Based upon the Commonwealth's Application and in the interest of justice, we reverse the PCRA court's order and remand for action consistent with this decision.

_____

* Retired Senior Judge assigned to the Superior Court.

We recount the underlying facts of this matter as related by a panel of our Court on the direct appeal.

> [O]n April 2, 2011, at approximately 4:40 P.M., [Police Officer Candice McCoy] went to the Busti Housing Project at 46th and Market Streets in Philadelphia in response to a radio call. A black Pontiac Bonneville was in the eastbound lane with the engine running. The driver's side door was slightly open and the front passenger's side window was shattered. Two (2) black males discovered in the vehicle had been shot multiple times. The male sitting in the front passenger's seat was unresponsive. The male sitting in the driver's seat was complaining of pain in his legs. The medic unit arrived and transported the males to the hospital. The male [who] had been in the passenger's seat, later identified as Quince Morant [(Morant)] . . ., was pronounced dead on arrival. The other male, later identified as Sherad DuBose[1][(DuBose)], received treatment for his injuries.
>
> Trial Court Opinion, 5/29/14, at 2.
>
> Following the shooting, the police interviewed several individuals, including DuBose, Consuelo Matthews, Jerome Boyd, John Ashmore, and Ivory Matthews, who provided written statements incriminating [Handy] as involved in the shooting. In essence, these witnesses stated that [Handy], along with codefendant [Albert Brinkley], robbed Morant and DuBose, and, in the course of the robbery, killed Morant and injured DuBose. At trial, however, with one exception (Consuelo Matthews), all of the witnesses distanced themselves for the prior statements they gave to the police, denying making any statement to the police (DuBose), not recalling signing any statement (Boyd), not recalling what information was provided to the police (Ashmore), disputing the accuracy of the statement (Ivory Matthews), or

---

[1] It appears from the notes of testimony that the first name may be spelled "Sharard." **See** N.T. Trial 5/14/2013 at 168.

claiming not to have signed all pages of the statement (Ivory Matthews).

***Commonwealth v. Handy***, 2015 WL 6872359, filed 7/14/2015 (memorandum). Handy's direct appeal afforded him no relief.

Subsequently, Handy filed this PCRA petition raising the issues listed above. As noted, the PCRA court denied Handy relief without a hearing on the matter. Our review of this matter, with certified record as it was at the time of the hearing, we would very likely affirm the PCRA court's order denying Handy relief. However, this matter presents us with an unusual development regarding Handy's claim of after discovered evidence.

Handy's original claim of after discovered evidence was based on information Handy obtained from another inmate, that one of the detectives involved in his case, Ohmarr Jenkins, had been involved in multiple cases that resulted in acquittals or dropped charges due to allegations of improper conduct. Additionally, it was discovered that another detective who had been involved in the case was believed to have committed police misconduct. Handy was denied discovery regarding the claims of police misconduct based upon the vague nature of the allegations and an inability to demonstrate any connection between allegations of misconduct and this matter. The PCRA court, rightfully, declined to enable a fishing expedition.

The record, as it existed at the time the PCRA court examined the petition, did not support Handy's claims for relief. However, subsequent to the PCRA court's decision, the Commonwealth, to its credit, discovered and made available over 260 pages of information relating to allegations of

misconduct on the part of Detective Philip Nardo.[2] Detective Nardo interviewed several of the witnesses in this matter and assisted Detective Jenkins in taking Handy's inculpatory statement.

This after discovered evidence raises legitimate concerns over the integrity of the evidence used against Handy. Allegations found in the newly discovered evidence are similar to some of those claims made by witnesses when they recanted at trial.[3]

What is clear to this panel is that the Commonwealth is demonstrating great concern over Detective Nardo's participation in this matter, and the effect his participation may have had on Handy's ability to receive a fair trial. We believe this concern is of such a nature that it deserves to be fully explored by the PCRA court. This will enable a record to be developed that will allow the PCRA court to make a fully informed decision on the merits of Handy's claims. In turn, it will also allow a subsequent panel of this court, if needed, to make a fully informed review of the PCRA court's decision.[4]

In light of the foregoing, we remand this matter to the PCRA court and grant Handy 90 (ninety) days from the return of the certified record in which

_____

[2] These pages have been appended to the Commonwealth's Application for Remand.

[3] We are mindful that it is unclear how this information would have influenced the jury at trial and it must be emphasized that Handy has not claimed *his* statement was coerced. However, the undeveloped nature of this information is not Handy's fault due to the timing of the disclosure of the information.

[4] We wish to make clear that we take no position on merits of the allegations against Detective Nardo.

to file an amended PCRA petition, which shall include any appropriate claims regarding the actions of Detective Philip Nardo. The PCRA process shall then proceed as expeditiously as possible.

Order vacated. Case remanded for action consistent with this decision. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/25/19